IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| Christopher Pia, | ) | Civil Action No. 2:10-cv-2839-RMG |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| Dorchester County Sheriff's Office and | ) | |
| Ray Nash, individually as former Sheriff | ) | |
| and in his official capacity, | ) | |
| | ) | |
| Defendants. | ) | |

Plaintiff filed the current action pursuant to 42 U.S.C. § 1983 alleging that he was wrongfully terminated from his job at the Sheriff's Office. Defendants Nash, in his official capacity[1], and the Dorchester County Sheriff's Office moved to dismiss Plaintiff's Complaint on the grounds that the Eleventh Amendment bars the suit and that the Sheriff is entitled immunity from a suit for money damages in federal court. (Dkt. No. 5). Plaintiff has opposed the motion. (Dkt. No. 7). Defendants filed a reply. (Dkt. No. 8). As shown below, the Court grants Defendants' motion.

### Background

Plaintiff alleges that he was ultimately fired from his position at the Sheriff's Office stemming from an incident surrounding his having placed a political bumper sticker on his car. (Dkt. No. 1). The bumper sticker was one for an opponent of the then Sheriff Ray Nash. (Dkt. No. 1 at para. 15). Plaintiff further alleges he was wrongfully

---

[1] This motion only addresses Defendant Nash to the extent he has been sued in his official capacity (as the former Sheriff of Dorchester County). The caption names Nash individually also but to date Nash has not been served with the Summons and Complaint. (Dkt. No. 8).

1

terminated for having reported alleged health and safety violations at the Sheriff's Office to the Occupational Safety and Health Administration ("OSHA"). (Dkt. No. 1 at para. 18). Plaintiff seeks damages against the former Sheriff and the County Sheriff's office for the alleged injuries Plaintiff claims to have suffered as a result of their purported wrongful acts. (Dkt. No. 1).

## Discussion

Defendants Ray Nash in his official capacity and the Dorchester County Sheriff's Office have moved pursuant to Rule 12(b)(1) and (6), Fed.R.Civ.P., for an order dismissing the claims against them. The Court agrees that dismissal is proper.

The Fourth Circuit has held that South Carolina sheriffs are state officials immune from suits for money damages in federal court. *Cromer v. Brown*, 88 F.3d 1315, 1332 (4th Cir. 1996) (interpreting South Carolina law and holding that "in his official capacity, [the Greenville County] Sheriff . . . is an arm of the state . . . immune from suit under § 1983 for money damages") (citing *Gulledge v. Smart*, 691 F.Supp. 947 (D.S.C. 1988) (holding that South Carolina sheriffs are state officials for Eleventh Amendment purposes), *aff'd* mem., 878 F.2d 379 (4th Cir. 1989)). Further, both *Cromer* and *Gulledge* were decided under the Eleventh Amendment of the United States Constitution, which bars federal actions against unconsenting states on the ground of sovereign immunity. *Cromer*, 88 F.3d at 1332 (quoting *Edelman v. Jordan*, 415 U.S. 651, 663 (1974); *Pennhurst State School and Hosp. v. Halderman*, 465 U.S. 89, 121 (1984) (holding that "a federal court may hear no state law claim against a State or state agency absent the State's express consent to be sued in federal court.").

2

In his response to the motion, Plaintiff argues that the Defendants' motion is premature because discovery is necessary to determine whether qualified immunity applies. Ordinarily Plaintiff would be correct on that point were qualified immunity at issue. However, neither Nash officially, nor the Dorchester County Sheriff's Office, has asserted the defense of qualified immunity. In fact they could not because qualified immunity is a defense available only to individuals, not entities. *County of Sacramento v. Lewis*, 523 U.S. 833, 841 n. 5 (1998) (noting that qualified immunity is unavailable "in a suit to enjoin future conduct, in an action against a municipality, or in litigating a suppression motion"); *Pearson v. Callahan*, 555 U.S. 223 (2009).

The issue here is whether Plaintiff can pursue an action in federal court against the State of South Carolina by suing the Dorchester County Sheriff's Office and Nash officially. Plainly, he cannot as the State does not consent to such suit. Thus, this action should be dismissed as to those defendants as it is barred by the Eleventh Amendment.

## Conclusion

Accordingly, based on the above, this Court grants Defendants' motion to dismiss.

**AND IT IS SO ORDERED.**

Richard Mark Gergel
United States District Court Judge

February 18, 2011
Charleston, South Carolina

3